12

JOSÉ MORENO SOTO, Plaintiff and Appellant, *v.* PEDRO PENZOL ET UX., ET AL., Defendants and Appellees.

No. 10428.    Argued November 7, 1951.—Decided January 10, 1952.

*Alfredo Álvarez Linares* for appellant.  *Juan Enrique Géigel, Guillermo Silva* and *Luis F. Cuyar,* for appellee U. S. Fidelity & Guaranty Co.

MR. JUSTICE NEGRÓN FERNÁNDEZ delivered the opinion of the Court.

On July 23, 1948 appellant suffered a labor accident while working for the Government of the Capital in the repair work to the curb of San Sebastián Street, in San Juan, when

he was hit on his back by a wooden door which broke off from house No. 100 of said street.

On December 13, 1948, the Manager of the State Insurance Fund rendered a decision awarding him compensation in case No. 2E-3501 of said entity. The employee appealed from said decision to the Industrial Commission, which issued its decision on May 23, 1949.

On February 23, 1950, the appellant instituted an action for damages against the owners of house No. 100, San Sebastián Street, its insurer, and the lessee, under provisions of § 31 of Act No. 45 of April 18, 1935—Workmen's Accident Compensation Act—as amended by Act No. 16 of April 10, 1948.

The lower court, on motion of the defendants, issued an order dismissing the complaint because plaintiff's action had prescribed, and at the request of plaintiff rendered judgment to that effect. From said judgment plaintiff appealed.

The fundamental question involved herein is whether plaintiff's action had actually prescribed at the time that it was filed.

Section 31 of Act No. 45 already cited, as amended by Act No. 16 of April 12, 1948, provides insofar as pertinent:

"Section 31.—In cases where the injury, the occupational disease, or the death entitling the workman or employee or their beneficiaries to compensation in accordance with this Act has been caused under circumstances making third persons responsible for such injury, disease, or death, the injured workman or employee or his beneficiaries may claim and recover damages from the third person responsible for said injury, disease, or death, within one year following the date of the final decision of the case by the Manager of the State Insurance Fund, who may subrogate himself in the rights of the workman or employee or his beneficiaries to institute the same action in the manner following: . . . ."

The appellant maintains that the year within which the action for damages against a third person should be filed

starts to run from the time the decision of the Industrial Commission is entered, if the decision of the Manager of the State Insurance Fund is taken on appeal to said Commission, as it was done in the case at bar, for in his opinion, the decision of the Manager was not *final*. We do not agree. The Act does not provide that the decision of the Manager must be *final* and *unappealable* (*firme*) before the term of one year fixed for filing an action for damages against a third person begins to run. It only requires that it be *final*, and such is the nature of the decision of the Manager when —as in the case at bar—he awards compensation to the employee and determines its amount. An appeal of the employee as to the *amount* awarded, does not divest the decision of the Manager of its final character.

It being so, the action brought on February 23, 1950 had prescribed and the lower court did not err in dismissing the complaint on that ground.

The judgment will be affirmed.